# COMPOSITE EXHIBIT 1

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Latoya Arnold</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>AT&T Mobility Services, LLC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 11/09/2021 12:35:06 PM.****

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  2

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jonathan S. Minick        Fla. Bar # 88743
        Attorney or party        (Bar # if attorney)

Jonathan S. Minick        11/09/2021
(type or print name)        Date

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

Case No.:

LATOYA ARNOLD,

    Plaintiff,

vs.

AT&T MOBILITY SERVICES, LLC,

    Defendant.

## COMPLAINT

1. Plaintiff, Latoya Arnold ("Plaintiff"), brings this action against Defendant, AT&T Mobility Services, LLC ("Defendant"), for discrimination pursuant to Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992 ("FCRA"), and alleges as follows:

2. During all material times, Plaintiff has been an individual above the age of eighteen, a resident of Broward County, Florida, and is otherwise *sui juris*.

3. During all material times, Defendant conducted business within the State of Florida, and within Broward County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these Federal claims and State statutory and common law causes of action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act of 1992 ("FCRA").

5. The venue of this Court over this controversy is proper based on the claims arising in Broward County, Florida.

1

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. A notification of Right to Sue was received and this Complaint has been filed within ninety (90) days of receipt thereof.

## PARTIES

9. Plaintiff is a citizen and resident of Broward County, Florida.

10. Defendant is a Florida corporation that conducts business in Broward County, Florida, and is an entity subject to suit under Title VII of the Civil Rights Act of 1964 and the FCRA.

11. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

12. Plaintiff is a female in the process of transitioning into a male.

13. Plaintiff was employed by the Defendant in the Company's Sunrise, Florida location as a Retention Specialist from approximately October 2018 through November 5, 2019.

14. On October 21, 2019, Plaintiff was involved in an out of work incident resulting in Plaintiff shooting and killing a man in self-defense.

15. The police did a full investigation of the incident, Plaintiff was never arrested, criminal charges were never filed against Plaintiff, and Plaintiff was cleared of all wrongdoing.

16. Following the shooting incident, Plaintiff immediately notified my supervisor of the same.

17. Plaintiff was then suspended by the Defendant for two (2) weeks without providing me with a proper explanation.

18. Following Plaintiff's suspension, Plaintiff was not permitted to return to work, but instead was terminated – the Defendant claiming to base Plaintiff's termination on Plaintiff's failure to include on Plaintiff's job application a confrontation Plaintiff was involved in as a seventeen (17) year old minor.

19. Defendant's alleged reason for terminating Plaintiff's employment was pretextual as a result of Plaintiff's gender transition.

20. Had Plaintiff not been transitioning from a woman to a man, the Defendant would have permitted Plaintiff to keep Plaintiff's job, as it had done with other employees not in Plaintiff's protected class.

21. Plaintiff was ultimately terminated simply because Plaintiff is transitioning from a woman to a man.

22. Defendant did not treat its other employees in Plaintiff's protected class in the same discriminatory manner as it treated the Plaintiff.

23. Plaintiff has engaged the services of legal counsel and is obligated to pay legal counsel their fees incurred in the prosecution of this action.

**COUNT I DISCRIMINATION BASED ON GENDER AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

24. Plaintiff repeats and realleges the allegations made in paragraph 1 through 23 above.

25. The foregoing facts and circumstances demonstrate that Defendant, and its agents, have violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff with respect to the conditions of Plaintiff's employment because of her sex.

26. Defendant and its agents and employees, knew, or should have known, that the above-referenced actions were discriminatory and violated Title VII of the Civil Rights Act of

3

1964, as amended. Nevertheless, Defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of Plaintiff.

27. As a direct and proximate result of the actions of Defendant and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages.

28. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy her life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

**COUNT II DISCRIMINATION BASED ON GENDER AND SEXUAL HARASSMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

29. Plaintiff repeats and realleges his allegations made in paragraph 1 through 23 above.

30. The foregoing facts and circumstances demonstrate that Defendant and its agents have violated the Florida Civil Rights Act of 1992 by discriminating against Plaintiff with respect to the "conditions" of Plaintiff's employment because of her sex.

31. Defendant and its agents knew or should have known that the above-referenced actions were discriminatory and violated the Florida Civil Rights Act of 1992. Nevertheless, Defendant and its agents acted willfully and intentionally and in reckless disregard for the rights of Plaintiff.

32. As a direct and proximate result of the actions of Defendant and its agents, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, Plaintiff has and will continue to suffer lost wages. Moreover, Plaintiff has suffered a diminished ability to earn a living and a diminished capacity to enjoy his life. Additionally, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

WHEREFORE, Plaintiff demands damages for lost wages and benefits, back pay, front pay, damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, punitive damages, interest – including pre-judgment interest on lost wages, costs and attorney's fees, and such other relief as this Court deems appropriate.

## JURY DEMAND

33. Plaintiff demands a trial by jury on all issues so triable.

Dated:  November 9, 2021

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff